HEARD NOVEMBER TERM, 1878.

## STATE *vs.* TEAGUE.

In an action against the executor of a County Treasurer and his sureties for account of moneys collected, the tax duplicate is not the only legal and proper basis of charge; other evidence may be received in the first instance.

The cash books of the County Treasurer are a proper source of evidence to charge him and his sureties with moneys collected and not accounted for.

Where the cash books of the County Treasurer are given in evidence against him and his sureties in an action for account of moneys collected, the entries therein of payments made are not competent evidence, in the first instance, in their behalf. In cases where the law directs the money to be paid only on the warrants or receipts of other public officers, such warrants or receipts must be produced or their loss accounted for.

The contract of the sureties on the official bond of a County Treasurer being that he will discharge the duties of his office, it follows that any evidence that is competent to charge him is competent to charge them, especially where they are parties to the action.

Questions relating to adjounments of a reference are matters within the discretion of the Circuit Court, and are seldom. if ever, regarded as grounds for an appeal.

BEFORE MAHER, J., AT BARNWELL, JUNE, 1876.

This was an action by the State of South Carolina against D. H. Teague as executor of the last will and testament of Isaac N. Teague, deceased, George E. Steedman, M. F. Molony, Simon Brown, P. W. Farrell and Martin Keeler.

Isaac N. Teague had been County Treasurer of the County of Barnwell from the 9th day of March, 1871, until the 1st day of January, 1873, and the defendants above named, with the exception of his executor, were sureties on his official bond, which bore date the said 9th March, 1871, and was conditioned that he, the said "Isaac N. Teague, shall well and truly perform the duties of the said office as now or hereafter required by law."

Isaac N. Teague, during his continuance in office, had collected large sums of money on account of taxes and for licenses issued under the Act approved March 13th, 1872, for a considerable part of which he had not accounted.

This was an action upon his official bond to compel his executor and his sureties to account for the money so collected. The penalty of the bond was ten thousand dollars.

The case was referred to a Referee, who took testimony and reported a balance due on the accounts of the said I. N. Teague of $25,191.62, of which amount the sureties were liable for ten thousand dollars.

The defendants excepted to the report on a number of grounds, which need not be stated in full, the facts upon which the case was decided by this Court sufficiently appearing in the judgment of the Court itself.

His Honor the Circuit Judge confirmed the report of the Referee with slight modifications, and the defendants, the sureties above named, appealed.

*Thompson,* for appellants.

*Aldrich, Aldrich, Hutson,* contra.

January 28, 1878.   The opinion of the Court was delivered by

McIver, A. J.   This was an action to recover from B. H. Teague, as executor of Isaac N. Teague, deceased, late County Treasurer of Barnwell County, and the other defendants, as sureties of said Isaac N. Teague, on his official bond, various sums of money alleged to have been collected by him, as well for the Counties of Barnwell and Aiken as the above named plaintiff, and not accounted for. The record filed in this Court, though quite voluminous, presents but few questions for our consideration. The first error complained of is that the Referee to whom the issues in the action were referred should have regarded the tax duplicate as the legal and proper basis of charge against the County Treasurer and any other evidence as secondary. We are not aware of any statute declaring such a rule of evidence in conducting an investigation of the fiscal transactions of a County Treasurer, and, indeed, it would be very extraordinary if such were the case, for, if so, then the Treasurer would be relieved from accountability for various items,

such as the school fund, the funds derived from licenses and fines, which have no place upon the tax duplicate.

The next ground of complaint is that the cash books of Isaac N. Teague, deceased, are secondary evidence, and are not admissible so long as "the statutory basis of charge is available."

Besides the considerations which have just been adverted to for the purpose of showing that the tax duplicate, which we understand as designated in this exception by the terms "statutory basis of charge," is not the only evidence in such a case, it is difficult to perceive what objection a party could properly make to the introduction of his own admissions in evidence against him, especially when such admissions are in writing, entered in a book, which, it is but reasonable to suppose, would be kept with all due care. And when, in addition to this, it appears, from the testimony of Hewitt, that Teague, in his lifetime, had stated "that the debits in these books (referring to the cash books) represented moneys received by him as County Treasurer," there cannot be a doubt that these books constituted a proper source of evidence.

It is said, however, that, granting this to be so, if they are received in evidence they should be received as evidence *for* as well as *against* the County Treasurer,—that is, if the debit side is to constitute evidence to charge him, the credit side must be received as evidence to *discharge* him.

Without entering upon the discussion of the general question as to when and in what cases the rule contended for applies, for it certainly does not apply in all cases and under *all* circumstances, it is sufficient for us to say that the Treasurer is a public officer, who is only allowed to pay out the public money for the purposes, in the manner and upon such authority as the law prescribes; and if in any of these respects the law is not complied with, such omission constitutes an official default, for which both the officer and his sureties are liable. And as the County Treasurer could not lawfully pay out the County funds, except upon the warrant of the Board of County Commissioners, only in certain specified cases, not necessary to be mentioned here, as they do not affect the inquiry which we are pursuing, even before the passage of the Act imposing a penalty for so doing, or the school fund, except upon the approval of the County School Commissioner, or the State funds, except upon the receipt of the State Treasurer, any other evidence of such payments would be secondary and inadmissible until the

proper foundation has been laid for the admission of such secondary evidence, which it is not pretended there was any offer or attempt to do in this case.

The appellants insist, however, that even if the Treasurer himself cannot successfully sustain the objection to the admissibility of his cash books, that the sureties can, so far as they are concerned. This objection proceeds from ignoring the terms of the condition of the official bond. The sureties as well as the principal bind themselves, not that *they*, but that the *principal*, shall perform the duties of his office in the manner required by law. Their contract is simply an undertaking that the principal will perform his duties. Hence, in an action founded on the breach of such contract the conduct of the sureties is not in question. The only inquiry is whether the principal has failed to perform any one or more of such duties, and his admission of such failure is legal and proper evidence of the fact in issue, not only against him, but against his sureties also, when they are, as in this case, parties to the proceeding.

In *Ordinary* vs. *Condy*, (2 Hill, 313,) Harper, J., says: "It seems to be matter of absolute necessity in many cases that the admissions of the principal, or some of his acts which are equivalent to admissions, should be admitted to charge the sureties."

Indeed, in a somewhat analogous case, the Courts of this State have gone even further and held that, in an action against the sureties upon an administration bond, the decree of the Ordinary fixing a default upon the administrator, even under a proceeding to which the sureties *were not parties*, is at least *prima facie* evidence against the sureties, and, unless it is rebutted or shown to be erroneous, will be conclusive.—See *Lyles* vs. *Caldwell*, 3 McC., 225; *Shelton* ads. *Cureton*, 3 McC., 412; *The Ordinary* vs. *Condy*, 2 Hill, 313. In this case there was no offer or attempt to introduce any evidence tending to show that the admissions of the County Treasurer, as derived from his cash books, were not true or were erroneous, the principal evidence relied upon being the credits which he had given himself on his cash books and certain papers purporting to be vouchers, many of which were so manifestly illegal and defective that no attempt has been made here to sustain them.

The next error complained of, in improperly allowing an amendment of the pleadings, is of no practical importance as we are given to understand at the bar, and therefore has received no consideration either in the argument or at the hands of the Court.

The complaint made by appellants of the error committed by the Referee in adjourning the reference is sufficiently disposed of by the remark that such matters rest in the discretion of the Court below, and are seldom, if ever, regarded as any ground for interference by this Court. The last error complained of, which has been urged in this Court, is designated in such general and indefinite terms as renders it difficult for us to understand precisely the cause of complaint. The report of the Referee is accompanied with exhibits showing the items from which the accounts are made up, as from taxes for the various years mentioned, from licenses, from fines, from State Superintendent of Education, from poll taxes, &c., and it is difficult to conceive what more could have been required. It is for the parties who allege errors to point them out specifically, and this the appellants have failed to do. This disposes of all the exceptions which have been urged before this Court; the remaining exceptions, being the same as those taken to the Referee's report, are sufficiently disposed of by the decision of the Circuit Judge.

The motion is dismissed.

*Willard*, C. J., concurred.